UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JEREMY WILLIAMS,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>BENJAMIN ESTILL,<br><br>　　　　　　　　　Defendant. | Case No.  2:16-cv-00911-APG-GWF<br><br>**SCREENING ORDER** |

**I.     DISCUSSION**

　　　Plaintiff filed three motions for injunctive relief.  (ECF No. 21, 26, 27).  In the first motion, Plaintiff sought injunctive relief banning Defendant Benjamin Estill from working around Plaintiff until this case settled, Plaintiff moved to another prison, or Estill moved to another prison.  (ECF No. 21 at 1).  In the second motion, Plaintiff sought an order preventing prison officials from transferring him to Ely State Prison in retaliation for initiating this lawsuit.  (ECF No. 26 at 3).  In the third motion, Plaintiff again sought an order preventing Estill from working around Plaintiff.  (ECF No. 27 at 3).  Defendant filed responses to the motions.  (ECF No. 24, 29, 30).

　　　Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right."  *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).  Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

The Court denies the motions involving Estill as moot (ECF No. 21, 27).  Plaintiff currently resides at Ely State Prison ("ESP") while Estill works at High Desert State Prison ("HDSP").  (*See* ECF No. 29 at 4).

The Court also denies the motion seeking injunctive relief to prevent a transfer to ESP (ECF No. 26).  Prisoners do not have a liberty interest in avoiding a transfer to another prison.  *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983).  Additionally, Plaintiff has not established that he would suffer any irreparable harm in light of the transfer.  Moreover, Defendants attach a case note report as an exhibit which notes that, on January 25, 2017, Plaintiff refused to house in general population or protective custody at HDSP and said, "sen[d] me to ESP."  (ECF No. 30-1 at 2).  The motion is denied.

## II.     CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the motions for injunctive relief (ECF No. 21, 26, 27) are denied.

Dated: March 13, 2017.

_____
UNITED STATES DISTRICT JUDGE